IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CAN CAPITAL ASSET SERVICING, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:17-CV-1147-RP |
| | § | |
| WILLIAM ALFRED WALKER and CENTRAL PARK IMAGING CENTER, LTD., | § § § § | |
| Defendants. | § § | |

## <u>ORDER</u>

Before the Court is Plaintiff Can Capital Asset Servicing, Inc.'s ("Can Capital") Motion for Default Judgment. (Dkt. 12). Having considered Can Capital's motion, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Can Capital alleges the following facts in its complaint. (Dkt. 1). In 2013, WebBank, Inc. loaned $150,000.00 to Defendant Central Park Imaging Center, Ltd. ("Central Park Imaging"). (*Id.* ¶ 8). Central Park Imaging's President, William Alfred Walker ("Walker"), personally guaranteed the loan. (*Id.* ¶ 12; Loan Agreement, Dkt. 12-2, at 1). In doing so, Walker "unconditionally guarant[eed] . . . the prompt payment to [WebBank and its assigns] of all amounts owed by [Central Park Imaging]." (Loan Agreement, Dkt. 12-2, at 11). WebBank assigned the loan to Can Capital a week after executing the agreement. (Compl., Dkt. 1, ¶ 9). Central Park Imaging made on-time payments for over two years, but stopped in December 2015, leaving an outstanding balance of $79,395.91. (*Id.* ¶¶ 13, 15). Can Capital filed this action against Central Park Imaging, seeking damages for their breach of the loan agreement. (*Id.* at 4–6).

1

Can Capital served both defendants on December 19, 2017, (*see* Dkt. 5), but neither has appeared. It has since executed a settlement agreement with Central Park Imaging. (*See* Dkt. 8). Meanwhile, the Clerk of the Court entered default against Walker on January 10, 2019, (Dkt. 11), and Can Capital now moves for default judgment against him. (Dkt. 12). Walker has not appeared; Can Capital's motion is unopposed.

## II. LEGAL STANDARD AND DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

In considering Can Capital's motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether the Can Capital's complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, Can Capital should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

### A. Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established,

[4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Walker. Because Walker has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Walker's failure to appear and respond has ground the adversary process to a halt, prejudicing Can Capital's interest in pursuing its claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (citation and quotation marks omitted). The grounds for default are established: Walker was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. There is no indication that the default was caused by a good faith mistake or excusable neglect. Although a default judgment in this case is not insignificant—Can Capital seeks over $100,000 in damages and attorney's fees—the Court is not aware of any facts that would obligate it to set aside the default if challenged by Walker. The Court therefore finds that default judgment is procedurally warranted.

### B. Sufficiency of Can Capital's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Can Capital's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need

3

only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Can Capital asserts against Walker a claim for breach of contract. (Compl., Dkt. 1, at 4–5). In Texas, the elements of a breach-of-contract claim are: "(1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). Can Capital alleges as follows. Walker executed a personal guaranty for "the prompt payment to [Can Capital] of all amounts owed" by Central Park Imaging. (Compl., Dkt. 1, ¶ 12). Can Capital performed its obligations by loaning Central Park Imaging the agreed-upon amount of money. (*Id.* ¶ 8). Walker breached his personal guaranty by refusing to make payments owed by Central Park Imaging after the company stopped making the payments owed under the loan agreement. (*Id.* ¶ 23). Can Capital has been damaged by failing to receive the unpaid sum. (*Id.* ¶ 15). Can Capital has supported these allegations with an affidavit from its associate general counsel, a copy of the loan agreement and Walker's personal guaranty, and records of the payments made by Central Park Imaging. (Dkts. 12-1, 12-2, & 12-3). These allegations are enough to raise Can Capital's right to relief above a speculative level. *Wooten*, 788 F.3d at 498. Default judgment is substantively warranted.

## C. Relief

Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In other words, the relief prayed for in a complaint defines the scope of relief available on default judgment. *Id.*

4

A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311.

In its complaint, Can Capital seeks damages for the unpaid loan balance in the amount of $79,395.91. (Compl., Dkt. 1, ¶ 15). It supports that allegation with an affidavit from its associate general counsel and records of the payments made by Central Park Imaging. (Dkts. 12-1, 12-3). It also seeks to recover its attorney's fees incurred in this litigation to recover for Walker's breach of contract. (Compl., Dkt. 1, ¶¶ 16, 19, 23). Those attorney's fees equal 30 percent of Can Capital's damages, or $23,818.50. (Cersonsky Aff., Dkt. 12-5, at 2).

Can Capital's damages can be calculated with certainty solely by reference to its payment records. (Central Park Imaging Loan Payment Ledger, Dkt. 12-3). Those records establish that Central Park Imaging's outstanding loan balance is $79,395.91. (*Id.*). A hearing to establish Can Capital's damages is not necessary.

Can Capital's reasonable attorney's fees and costs can also be calculated with certainty solely by reference to its counsel's 30 percent contingent fee. The Fifth Circuit has described the procedure and standard for determining attorney's fees as "a two-step process. First the court calculates the 'lodestar' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that

5

is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Smith v. Acevedo*, 478 Fed. App'x. 116, 124 (5th Cir. 2012) (citation omitted). The *Johnson* factors are the (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

In its motion for default judgment, Can Capital asks for $23,818.50 in attorney's fees. (Proposed Order, Dkt. 12-8). Plaintiff's counsel filed as evidence an affidavit in which he states that he agreed to represent Can Capital for a 30 percent contingent fee and that such a fee is customary. (Cersonsky Aff., Dkt. 12-5). Having considered the *Johnson* factors as applied to this action, the Court is satisfied that the requested attorney's fees are reasonable and declines to adjust them.

### III. CONCLUSION

For the reasons give above, **IT IS ORDERED** that Can Capital's Motion for Default Judgment, (Dkt. 12), is **GRANTED**. The Court will enter final judgment in a separate order.

**SIGNED** on May 30, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

6